EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ RAMOS, acusado y apelante.

No. 3360.—*Visto:* Enero 19, 1928. *Resuelto:* Febrero 23, 1928.

SANIDAD *(Health)*—REGLAMENTACIÓN Y OFENSAS—INFRACCIÓN A LOS REGLAMENTOS DE SANIDAD — CONSTRUCCIÓN O RECONSTRUCCIÓN SIN SUJECIÓN A LOS PLANOS APROBADOS.—El construir una obra sin sujeción al plano levantado previamente y aprobado, constituye una infracción a la sección 2 del Boletín Administrativo No. 210.

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), condenando al acusado por delito de Infracción a la Ley de Sanidad (art. 2, Boletín Administrativo No. 210). *Confirmada.*

*Dubón & Ocholeco,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

José Pereira Leal formuló denuncia contra José Ramos, imputándole una infracción del artículo 2 del Boletín Administrativo No. 210, cometida como sigue: "Que en 29 de noviembre de 1927 y en . . . Bayamón . . . el acusado . . . de una manera ilegal, voluntaria y maliciosamente, y con intención de burlar la Ley, tiene una casa de su propiedad . . . y le ha construido un garage, el cual no se ajusta a las dimensiones de los planos, que le fueron aprobados por el Departamento de Ingeniería Sanitaria, a pesar de haber sido advertido para que no lo hiciera, si no era de acuerdo con las dimensiones de dicho plano . . ."

A virtud de apelación el juicio se celebró de nuevo en la corte de distrito, declarando ésta culpable al acusado e imponiéndole una multa de cinco dólares.

No conforme aún el acusado apeló para ante este Tribunal Supremo. En su alegato levanta la siguiente única cuestión: La corte de distrito erró al resolver que la de-

nuncia le imputaba una infracción al artículo 2 del Boletín Administrativo No. 210.

Dicho artículo dice:

"Artículo 2.—Desde la aprobación de este Reglamento en adelante, no se podrá construir o reconstruir en la Isla de Puerto Rico edificio alguno, sin antes haberse presentado al Departamento de Sanidad un plano triplicado de dicha construcción. Aprobados los planos, una copia será archivada en la oficina del Ingeniero Sanitario, otra quedará en poder del oficial de Sanidad o su delegado correspondiente y la tercera copia será propiedad del interesado quien la conservará en el edificio en construcción de modo que esté a disposición del Ingeniero del Departamento o de su representante, durante las horas de trabajo.

"El Departamento de Sanidad aprobará dichos planos, o en su caso hará las observaciones que resulten necesarias, de acuerdo con los reglamentos de sanidad vigentes, dentro de un plazo razonable. No se empezarán las obras sin la aprobación definitiva de dichos planos."

Y argumentando el error el apelante sostiene que como lo que se prohibe es construir edificios sin que sus planos sean antes aprobados por el Departamento de Sanidad y aquí el plano del garage fué aprobado, el hecho de que después la construcción se hiciera sin sujeción al plano, no constituye infracción alguna a la indicada sección.

No estamos conformes. La sección abarca algo más que someter el plano a la aprobación y obtenerla. Una de las copias del plano, la que pertenece al propietario, debe éste tenerla a disposición del ingeniero sanitario mientras se construye la obra, durante las horas de trabajo. No se trata de una mera formalidad. El plano se traza y se aprueba tal como se presenta o modificado, para ser cumplido. Construir la obra sin sujeción al plano levantado previamente y aprobado, es lo mismo que construirla sin plano, y así el hecho imputado, o sea el no haberse sujetado en la construcción del garage a las dimensiones fijadas en el plano no obstante habérsele advertido, constituye la infracción perseguida y castigada.

*Debe confirmarse la sentencia recurrida.*
El Juez Asociado Señor Texidor no intervino.